UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| AKTANBEK ALIEV, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:26-cv-00291-JPH-MJD |
| ) | |
| BRANDON CROWLEY WARDEN, CLAY ) | |
| COUNTY JUSTICE CENTER, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Noncitizen Aktanbek Aliev is detained at the Clay County Jail on behalf of U.S. Immigration and Customs Enforcement (ICE). He seeks a writ of habeas corpus requiring Respondents to release him from custody or afford him an administrative bond hearing.

For the reasons explained below, the Court grants the petition to the extent that **no later than 5:00 p.m. on May 13, 2026**, Respondents must either: (1) afford Mr. Aliev an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release him from custody under reasonable conditions of supervision.

**I. Facts**

Mr. Aliev, a native of Kyrgyzstan, applied for admission to the United States in May 2023 at the Hidalgo Port of Entry. Dkt. 1-3 at 1. Immigration officials deemed him inadmissible and ordered him to appear for a removal proceeding. Dkt. 1-3. However, they did not require Mr. Aliev to be detained for

1

the duration of those proceedings. Instead, they granted Mr. Aliev parole through May 15, 2025, and permitted him to continue into the United States. Dkt. 1-2.

Mr. Aliev remained in the United States beyond the expiration of his parole status. On April 22, 2026, an Indiana State Police trooper arrested him at an interstate weigh station. Dkt. 6-1 at 2. The basis for the arrest is not documented in the record.

Later on April 22, an immigration official issued an administrative warrant "command[ing]" that Mr. Aliev be arrested pursuant to 8 U.S.C. § 1226. Dkt. 6-2. He was taken into ICE custody and is currently detained at the Clay County Jail.

## II. Discussion

Mr. Aliev claims that his detention violates the Immigration and Nationality Act (INA), the Fifth Amendment's due process clause, and the suspension clause found in Article I, Section 9, of the Constitution. He argues that he must be immediately released from detention or, in the alternative, granted a bond hearing, and that he is entitled to certain protections against redetention. Dkt. 1 at 17–25.

Respondents argue that the INA not only authorizes but requires Mr. Aliev's detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. 6 at 3–15.

Mr. Aliev's detention is governed by § 1226(a) and is unlawful because he has not been afforded a bond hearing. Because Mr. Aliev is entitled to habeas corpus relief on these grounds, the Court does not reach the merits of Petitioner's other arguments.

**A.    8 U.S.C. §§ 1226 and 1225**

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

(B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may

3

secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. §

4

1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.      Mr. Aliev Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Aliev is eligible for a bond hearing under § 1226(a).

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Aliev who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[1]  *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

---

[1] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Alejandro*, 2025 WL 2896348, at *14–19; *Jackson Rizo*, No. 2:26-cv-00026-JPH-MKK; and *Corzo Martinez* No. 2:26-cv-00003-JPH-MKK.

In December 2025, the Seventh Circuit issued an opinion in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). There, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. The Court has relied on that opinion as persuasive authority[2] and continues to do so after the Seventh Circuit's most recent opinion in *Castañon-Nava*, 2026 WL 1223250 (7th Cir. May 5, 2026).

The Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 6 at 9–12; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026) ("The Supreme Court has observed that 'redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . . That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the

---

[2] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of law, and any adjustment to the factual record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

words somewhat interchangeably.") (quoting *Barton v. Barr*, 590 U.S. 222, 239 (2020)). Even if the terms refer to different things, the Fifth Circuit found that petitioners such as Mr. Aliev can be said to be "seeking admission" even though they have resided within the country for years and are not affirmatively seeking to enter the United States. *Id.*

Respondents also cite a recent Eighth Circuit case, *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)). The *Avila* court held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." No. 25-3248, 2026 WL 819258, *3 (8th Cir. Mar. 25, 2026)).

Countering those circuit decisions, the Second Circuit recently decided *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), after the respondents answered Mr. Aliev's petition. There, the Second Circuit rejected the government's argument and adopted the reasoning set forth in *Castañon-Nava*: "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive." *Id.* at *4. The court went on to conclude that "because Section 1225(b)(2)(A) applies only to a noncitizen who is both an 'applicant for admission' and 'seeking admission,' it does not apply to Petitioner." *Id.* at *6.

This Court is not convinced that the Seventh Circuit will eventually join the *Buenrostro-Mendez* and *Avila* side of the circuit split.  So, in line with *Castañon-Nava* and now *Cunha*, the Court continues to rely on its previous

conclusion that § 1225(b)(2)(A) does not apply to undocumented aliens like Mr. Aliev who have lived for years in the interior of the United States and were arrested on an administrative warrant "command[ing]" that the alien be arrested pursuant to 8 U.S.C. § 1226.

Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Aliev, *i.e.*, granting him parole, permitting him to enter the United States, and then arresting him in the interior of the United States pursuant to an administrative warrant that explicitly authorized his detention under § 1226. Given the government's treatment of Mr. Aliev, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *See Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

The facts here are also quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. *See Buenrostro-Mendez*, 166 F.4th at 500 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . .  DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those

proceedings."). In *Avila*, the petitioner was served with a Notice to Appear, but the record is silent as to whether he was arrested pursuant to an administrative warrant. *See* 170 F.4th at 1132. In contrast, Mr. Aliev was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226. *Buenrostro-Mendez* and *Avila* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Aliev's detention is authorized only by § 1226(a), entitling him to consideration of bond.

## C.     Scope of Relief

Mr. Aliev is eligible for release on bond under § 1226(a), and he has not received a bond hearing. His continued detention without a bond hearing therefore violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).  Mr. Aliev argues for immediate release from custody. Dkt. 1 ¶¶ 65–71. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). Here, the Court finds that it would not be in the interests of justice to order Mr. Aliev's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

**D.    Remaining Claims**

Because the Court has found that Mr. Aliev's detention violates the INA, it does not reach his arguments that his detention violates the Fifth Amendment or the suspension clause. *See Thomas v. Illinois,* 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

The Court also does not reach the merits of Mr. Aliev's arguments related to the burden of proof at a bond hearing and the possibility that Respondents may detain him again in the future.  Those issues are premature.  The only issue currently before the Court is whether Mr. Aliev is being held in violation of the Constitution or laws of the United States.  The Court has determined that § 1225(b)(2)(A) does not apply to Mr. Aliev and that his detention is authorized only by § 1226(a).  The Court has therefore ordered Respondents to either provide Mr. Aliev an individualized bond hearing under § 1226(a) and its regulations or release him.  Should Mr. Aliev still be detained after Respondents have certified to the Court that they have complied with the Court's order, he may file a motion for the Court to enforce judgment if he has a good-faith basis to believe that his continued detention is unlawful.

## IV. Conclusion

The Court grants the petition to the extent that **no later than 5:00 p.m. on May 13, 2026**, Respondents must either: (1) provide Mr. Aliev with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. §

1226(a) and its regulations; or (2) release Aliev from custody under reasonable conditions of supervision. **No later than 5:00 p.m. on May 15, 2026**, Respondents must file documentation certifying that they have provided Mr. Aliev with a bond hearing or released him from detention. The clerk is directed to enter final judgment.

**SO ORDERED.**

Date: 5/7/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Harun Taskin
Kent Law Partners LLC
htaskin@kentlawpartners.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov